THE SLOSS IRON AND STEEL COMPANY, Plaintiff, *v.* JACKSON ARCHITECTURAL IRON WORKS, Defendant.

*Sale of iron — what evidence, as to the authority of the vendee's alleged agent to refuse to accept delivery thereof, requires the submission of that question to the jury.*

In an action brought by a vendor of iron against the vendee thereof to recover damages resulting from the alleged refusal of the vendee to accept the iron, the refusal to accept the iron was conceded by the vendee, but the latter disputed the authority of one Hennessy, the person who made the refusal, to act for it.

Upon this point it appeared that the vendor had been accustomed for a long time to make deliveries to the vendee on Hennessy's order; that when any iron was wanted by the vendee, Hennessy gave directions to have deliveries made and that they could not be made except upon his order. The secretary of the vendee corporation testified that Hennessy was the order clerk and gave all orders for the delivery of iron under contracts; that it was his duty to see that the vendee corporation had enough iron on hand to enable it to carry on its business and that for that purpose he directed the delivery of iron. Hennessy testified that he gave orders for the delivery of iron under various contracts and that the secretary of the vendee corporation knew that he performed such duties.

*Held*, that the evidence was sufficient to warrant the submission to the jury of the question whether Hennessy had authority to act for the vendee corporation and to sustain the finding of the jury to the effect that he did have such authority.

MOTION by the plaintiff, The Sloss Iron and Steel Company, for a new trial upon exceptions ordered to be heard at the Appellate Division in the first instance upon the verdict of a jury in favor of the defendant rendered by direction of the court after a trial at the New York Trial Term.

*Lewis H. Freedman*, for the plaintiff.

*Charles W. Pierson*, for the defendant.

McLAUGHLIN, J.:

Action to recover damages for the breach of a contract. The complaint alleges that on or about the 6th of December, 1899, the plaintiff sold to the defendant and the defendant purchased from the plaintiff 2,000 tons of No. 2 Sloss iron, to be delivered at the pier of the defendant in the city of New York on or before July 1, 1900, and for which it agreed to pay $45,500; that the plaintiff, within the time specified in the contract, offered to deliver the iron, which the defendant refused to accept, and thereupon it elected to treat the same as its own property ; that the market value of the iron at the place of delivery on July 1, 1900, was $39,500, and by reason of the defendant's refusal to accept the same plaintiff has been damaged in the sum of $6,000, for which judgment was demanded.

The answer was substantially a general denial. At the trial the only question seriously litigated was whether the plaintiff had, within the time specified in the contract, offered to deliver the iron to the defendant. At the close of the evidence the court directed a verdict in favor of the defendant and ordered that plaintiff's exceptions be heard in the first instance at the Appellate Division.

I am of the opinion that plaintiff's exceptions to the direction of the verdict must be sustained. At the conclusion of the trial, upon all the evidence, a question of fact was presented which should have been submitted to the jury, as to whether the plaintiff had offered to deliver the iron and same had been refused by defendant. It appeared that the plaintiff had another contract, which was to be completed in May, 1900, for delivery to the defendant of the same kind of iron, and that the defendant, notwithstanding the iron was offered from time to time, did not accept all of it until November,

1900.   Plaintiff's witness Adams testified that he offered on behalf of the plaintiff to deliver all of the iron called for by both contracts, and defendant refused to accept it.   He further testified that in June he also offered under the contract in suit 200 tons, and one Hennessy, a person in the employ of the defendant, refused to accept it.   This fact is undisputed, but the defendant contends it did not appear that Hennessy had authority to act for it.   If this did not conclusively appear, there certainly was sufficient evidence to go to the jury on that question.   The plaintiff, through Adams, had been accustomed for a long time to make deliveries to defendant on Hennessy's order.   When any iron was wanted by defendant, Hennessy gave directions to have deliveries made, and they could not be made except upon his order.   This justified the plaintiff in dealing with Hennessy.   (*Lowenstein* v. *Lombard, Ayres & Co.,* 164 N. Y. 324; *Talcott* v. *Wabash R. R. Co.,* 159 id. 461.)   Not only this, but defendant's secretary testified that Hennessy was the order clerk and gave all orders for the delivery of iron under contracts; that it was his duty to see that the defendant had enough iron on hand to carry on its business, and for that purpose he directed the delivery of iron.   Hennessy himself testified that he gave the orders for the deliveries of iron under the various contracts to the persons with whom the same were made, and the secretary of the defendant knew that he performed such duties.   Plaintiff's witness McQueen testified that he had an interview with defendant's secretary in August, 1900, and endeavored to have him accept at least 200 tons of iron which had been ready for delivery several weeks; that he refused, and the only excuse given was that the defendant could not afford to take it; that the price of iron had gone down from December, 1899, to July, 1900.   The testimony of McQueen was not contradicted by the defendant's secretary; on the contrary, he substantially admitted the same was true.

It also appeared that iron, at the time the contract was made, was worth twenty-two dollars and seventy-five cents a ton, and between that time and the 1st of July, 1900, the price dropped to between eighteen dollars and nineteen dollars a ton.

Criticism is made of the proof establishing plaintiff's damage, but upon this branch of the case it is sufficient to say there was enough evidence to go to the jury, and had the jury found the other ques-

tions, which ought to have been submitted, in plaintiff's favor, they would have been justified in making a substantial award of damages.

It follows, therefore, that the exceptions must be sustained and a new trial ordered, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Exceptions sustained, new trial ordered, costs to plaintiff to abide event.